UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DWIGHT DAVIS, 11412-055,

        Petitioner,

   -vs-

UNITED STATES OF AMERICA,

        Respondent.

02-CR-173E
06-CV-0263E

MEMORANDUM

and

ORDER[1]

---

### INTRODUCTION

On April 21, 2006, petitioner Dwight Davis, proceeding *pro se*, filed the instant petition[2] pursuant to 28 U.S.C.§2255 ("§2255"), seeking to set aside, vacate or correct his sentence (Dkt. #40)[3]. On June 7, 2006, respondent filed a Motion to Dismiss the petition or an extension of time to file an answer in the event that the motion to dismiss is denied. The matter was submitted to the Court for decision on July 14, 2006.

---

[1] This decision may be cited in whole or in any part.

[2] While §2255 is often referred to as a habeas corpus provision, such characterization is technically incorrect because, rather than authorizing the granting of a writ, the statute provides for a federal court to consider a motion that is, in effect, a continuation of the underlying criminal proceeding. See 28 Moore's Federal Practice §672.02(2)(b) (3d Ed.1999). Interchangeably, although prisoners file 'motions' rather than petitions to initiate §2255 proceedings, their papers are generally referred to as petitions and the prisoners are referred to as petitioners. In the interests of conformity and convenience, this Court will refer to Mr. Davis as "petitioner", to the United States as "respondent" and to the motion as a petition.

[3] This matter is referenced as a civil matter at case no. 06-CV-0263E, but all documents relative thereto are filed and recorded with the underlying criminal case no. 01-CR-173E and all "Dkt." references herein refer to the documents entered in that criminal case.

## **BACKGROUND AND DISCUSSION**

On September 6, 2002, petitioner pled guilty, in accordance with a plea agreement and upon waiver of indictment, to a one count information charging him with a violation of 21 U.S.C. §§841(a)(1), to wit — possession with intent to distribute a Schedule I controlled substance ("crack" cocaine). The sentencing date was repeatedly adjourned due to, *inter alia,* petitioner's purported ongoing cooperation with other government investigations. At the sentencing hearing on April 8, 2005 the Court granted the government's motion for a downward departure and sentenced petitioner under the Guidelines to a 37 month term of imprisonment, five years supervised release, no fine and a special assessment of $100. The pending criminal complaint was dismissed and petitioner was allowed to voluntarily surrender himself when notified of his designation by the Bureau of Prisons. It is undisputed that petitioner took no appeal from this sentence.[4]

---

[4]Petitioner, however, did write a letter to the Court dated October 13, 2005 requesting "nuc pro tunc" re-sentencing "to reflect the parties intent that he only serve seven months incarceration" because of the anticipated availability of the "shock camp". In that letter, petitioner claims that on one occasion sentencing was adjourned due to the Court's schedule and, had it not been so adjourned, the "shock camp" would have been available to him. The Court notes, however, that the file in this case contains at least fourteen requests for adjournment of the sentencing date that were made either by defense counsel or by the government with the consent of defense counsel. On November 9, 2005 petitioner filed a Supplement to this letter. When the Court directed that the letter and supplement be docketed as a motion pursuant to 28 U.S.C.§2255 (Dkt. #34 and #37), petitioner twice objected and specifically requested that it not be treated as such (Dkt. #36 and #38). Hence on April 17, 2006, the Court directed that the letter and supplement be withdrawn as a 28 U.S.C.§2255 petition. Four days later, petitioner filed the instant petition (Dkt. #40).

The gravamen of the petition seeks re-sentencing by the Court because, some time between the date of the plea and the date of sentence, the Bureau of Prisons cancelled its Shock Incarceration Program ("shock camp") and petitioner alleges that his eligibility for such was relied upon[5] when the Court sentenced him, therefore its cancellation would "necessitate a different sentencing outcome".

Respondent seeks to dismiss the petition on several grounds. First, it is undisputed that petitioner did not appeal the sentence imposed. Respondent therefore argues that he is procedurally barred from filing the instant §2255 petition. Second, petitioner's waiver of his right to appeal or collaterally attack the sentence in the plea agreement is sufficient basis for dismissal of the petition.

Pursuant to the terms of the plea agreement, petitioner waived his right to appeal, modify or collaterally attack any sentence imposed by the Court which fell within, or was less than, the Sentencing Guidelines range stipulated and set forth in the plea agreement. The sentencing range stipulated in the plea agreement was between 51 and 63 months but also contemplated a possible motion by the government for a downward departure for substantial assistance. That motion was made and accepted by the Court at the time of sentencing, resulting in a sentence which undisputedly was less than the Sentencing Guidelines range set forth in the plea agreement.

---

[5]"Relied upon" *by whom* is not articulated in the motion.

More particularly, petitioner executed the subject plea agreement on September 6, 2002. It states therein that:

> "The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c) (2), and collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, above, notwithstanding the fact that the Court may reach the sentence by a Guideline analysis different from that set forth in this plea agreement."

Dkt. #28, ¶16).

It is well settled that a defendant may waive his/her right to appeal a sentence in a plea agreement. *See* 18 U.S.C.§3742(c); *United States* v. *Ready*, 82 F.3d 551, 555 (2d Cir. 1996); *United States* v. *Yamitan*, 70 F.3d 746, 748 (2d Cir. 1995). These waivers of appellate rights are valid and enforceable when they are entered into knowingly, intelligently and with the effective assistance of counsel, even when grounds for appeal arose after the plea agreement was executed. *United States* v. *Monsalve*, 388 F.3d 71, 73 (2d Cir. 2004); *see also United States* v. *Rodriguez*, 416 F.3d 123, 128 - 29 (2d Cir. 2005)*; United States* v. *Hayes*, 412 F.3d 37, 38 (2d Cir. 2005)(per curiam); *United States* v. *Morgan,* 406 F.3d 135, 136 - 37 (2d Cir. 2005); *United States*

v. *Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000); *Yametan*, 70 F.3d at 747 - 48. This enforceable waiver also applies when a defendant agrees to waive the right to collaterally attack his/her sentence, as is done with a motion pursuant to §2255. *Garcia-Santos* v. *United States*, 273 F.3d 506, 509 (2d Cir. 2001).

Nowhere in the petition herein is it alleged that the plea was unknowingly, involuntarily or not intelligently given. Because the petitioner does not challenge the validity of his guilty plea[6] and the sentence was within the terms of the plea agreement, petitioner's waiver of his right to collaterally attack his sentence is enforceable and the instant §2255 petition is necessarily prohibited and must be dismissed. *E.g. Happy* v. *United States*, 2005 WL 1579808 (W.D.N.Y. 2005) (Skretny, J)(plea agreement waiver enforceable even when court actually recommended the "shock camp" at sentencing and it was later abolished); *see e.g., DeBarros* v. *United States,* 2006 WL 2546492, *2 (W.D.N.Y. 2006) (Arcara, CJ) (waiver enforceable even when transfer to Canadian correctional facility, as contemplated in the plea agreement, was subsequently denied)*; Masterana* v. *United States*, 2006 WL 328382 (W.D.N.Y. 2006) (Elfvin, J)(waiver enforceable, as sentence was below stipulated range and plea/waiver was knowing and voluntary); *Carr* v. *United States*, 2004 WL 2202563 (W.D.N.Y. 2004) (Arcara, CJ) (same).

---

[6] The Court has nevertheless reviewed the plea proceedings and finds that the plea was intelligently and voluntarily given and that petitioner was effectively assisted by counsel throughout.

Even if not waived or precluded, the petition has no merit because it is based on the clearly incorrect presumption that the availability of the "shock camp" was relied upon by the Court in imposing sentence.[7] There is no basis in fact for the making of such assumption. The Court has reviewed the record herein and finds that, prior to the date of sentencing, nowhere is the "shock camp" option presented or discussed. Further, it was only briefly mentioned during the sentencing proceedings. For example, it is not mentioned or contained in the plea agreement or presentence investigation report, nor was it remarked upon at the time petitioner entered his guilty plea. It was mentioned *for the first time* at the sentencing proceedings wherein defense counsel requested that petitioner be considered for shock camp, "if available". The Court asked the government what their position would be on this issue and, having been informed that the "shock camp" program was no longer available, succinctly stated "well, that takes care of that" and the issue was mentioned no further. It is obvious from the record that the sentencing decisions herein, not only *did not rely* on the "shock camp" option, but clearly *did not even consider it* as a factor in sentencing petitioner herein. Even if the Court had recommended the "shock camp", its abolishment would not be cause for re-sentencing under §2255. *See Happy, supra.*

---

[7] The petition does not even allege that the Court relied upon, or even considered, "shock camp" as part of the sentence, it merely assumes it. This is probably so because the caselaw cited by petitioner requires such reliance in order for the petition to have any merit whatsoever.

- 6 -

Therefore, based upon all of the above, it is hereby

**ORDERED** that respondent's motion (Dkt. #42) is GRANTED and the Clerk of the Court is directed to take steps to close this case.

DATED:   Buffalo, N.Y.

   June 13, 2007

                                         _/s/ John T. Elfvin_
                                         JOHN T. ELFVIN
                                         S.U.S.D.J.